CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 09 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| CHARLES HEZEKIAH DANIELS, JR., | Civil Action No. 7:12cv00465 |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| ROANOKE GLASS SHOP, INC., | By: Samuel G. Wilson |
| | United States District Judge |
| Defendant. | |

Plaintiff, Charles Hezekiah Daniels, Jr., a Virginia citizen proceeding *pro se* and *in forma pauperis*, filed this civil action against his former employer, Roanoke Glass Shop, Inc. complaining about his employment and termination. Daniels claims that Roanoke Glass terminated him for being late to work, but that other employees committed worse infractions and that there are other non-specified motives for his termination. Daniels does not allege the jurisdictional basis of his claims, and the court discerns no plausible federal claim to relief. Consequently, the court dismisses Daniels' complaint without prejudice.

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." The court construes *pro se* complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." See id. (internal quotation marks and citation omitted). Even still, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)); see also Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("[While *pro se* complaints] must be held to less stringent standards than formal pleadings[,] . . . even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct.") (internal quotation marks and citations omitted).

Daniels alleges that other employees of Roanoke Glass lied to his boss about Daniels out of jealousy and hatred, and that this led eventually to his termination. He alleges he had a meeting with his employer to discuss the situation but that the alleged harassment did not cease, his pay was cut, and his insurance benefits were denied. His allegations give no hint of a discernible federal claim for relief let alone a plausible one. Rather, the court only is able to conclude that Daniels is unhappy with his former employer regarding the conditions of his employment and his termination. While the pleading rules do not impose an exacting standard on Daniels, he must offer some foothold on which Roanoke Glass could base an answer or on which the court could base a judgment. Accordingly, the court will dismiss Daniels' complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.[1]

**ENTER**: October 9, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the federal courts are courts of limited jurisdiction. "They possess only that power authorized by [the United States] Constitution or a statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).